# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 7, 2001 Session

## GEORGE M. CLAYTON v. BETTY L. CLAYTON

**Appeal from the Circuit Court for Monroe County**
**No. 11322     Lawrence H. Puckett, Judge**

**FILED MAY 30, 2001**

**No. E2000-01413-COA-R3-CV**

This is a divorce case. The trial court granted the counter-plaintiff, Betty L. Clayton ("Wife"), a divorce from the original plaintiff, George M. Clayton ("Husband"), on the ground of inappropriate marital conduct; divided the parties' marital property; identified and decreed the distribution of their separate property; and awarded Wife alimony *in solido* of $325,000, plus attorney's fees of $15,000. Husband appeals the division of property, the amount of the alimony award, and the award of attorney's fees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Steven M. Jacoway, Chattanooga, Tennessee, and Sharon G. Lee, Madisonville, Tennessee, for the appellant, George M. Clayton.

H. Allen Bray, Maryville, Tennessee, for the appellee, Betty L. Clayton.

## OPINION

### I. *Facts and Procedural History*

The trial court dissolved a marriage of some 43 years. At the time of trial, Wife was 60 years old, and Husband was 67.

The record reflects that the parties had a modest lifestyle for most of their marriage. At the time of their marriage in 1957, Wife worked in a real estate office, and Husband was an enlisted man in the United States Navy. Eventually, the parties moved to Chattanooga, and Husband quit work for a period of time in order to return to school and obtain his bachelor's degree. During this latter

period of time, Wife paid all of the household expenses and provided for the needs of the parties' two children.

The parties purchased a home in Chattanooga where they resided for 20 years. In the early 1970's, Husband started his own cleaning business, and Wife went to work for Blue Cross/Blue Shield of Tennessee. Both parties contributed to the payment of marital expenses. Husband testified that he paid the mortgages and utilities, although Wife noted that sometimes she had to pay the utilities because of Husband's lack of funds. Wife further testified that she used her salary to pay for the balance of the household expenses. She also stated that she purchased furniture and appliances for the home out of her bank account.

At some point during the 1980's, Husband's business was assessed with back federal taxes. The Internal Revenue Service garnished Wife's wages. Eventually, Husband's business went bankrupt.

By 1993, the parties had accumulated relatively few assets other than their home, an older vehicle, and Wife's retirement account with Blue Cross/Blue Shield. They had no other investments or savings. In that year, however, Husband's father and stepmother died, leaving Husband an inheritance of approximately $1,105,000.[1] Upon receiving this inheritance, the parties began to purchase several assets, including new vehicles, vacation timeshares, and a residence in Coker Creek, Tennessee. Wife retired in 1995 and began receiving approximately $1,221 per month in retirement benefits. She testified that even after Husband received his inheritance, she continued to pay for many of the household expenses.

After the parties moved to Coker Creek, Husband received a condemnation notice from the City of Chattanooga with respect to the parties' former residence. He did not immediately advise Wife of the condemnation notice. The house was eventually demolished, apparently with Husband's permission but without Wife's knowledge. She testified that she lost several items of personal property, including some family keepsakes, which had not been removed from the house prior to its demolition. After their house was razed, Husband transferred the real estate, without Wife's knowledge, to Tennessee Temple University. The University executed a promissory note in favor of Husband for $18,000 for the property, which had an appraised value of $31,500. The remainder of the property's value was deemed a charitable donation.

In July, 1998, Husband began a relationship with another woman. He filed for divorce in September, 1998. Wife answered and filed a counterclaim.

A final judgment was entered May 8, 2000, awarding Wife a divorce on the ground of inappropriate marital conduct. The trial court divided the marital property as follows:

---

[1]At the time of the hearing below, Husband had an account with Evergreen Management in the amount of $1,042,837. It is undisputed that this account was owned by Husband as his separate property. The account is apparently the balance of Husband's inheritance, including appreciation over time.

| Assets/Debt | Value | Husband | Wife |
| --- | --- | --- | --- |
| Marital Residence | $150,000 | $ 75,000 | $ 75,000 |
| 1999 Chrysler Automobile | 18,000 | 18,000 | |
| 1997 Chrysler Automobile | 12,000 | | 12,000 |
| 1994 S10 Truck | 3,000 | | 3,000 |
| Tractor | 6,000 | | 6,000 |
| Mower | 800 | | 800 |
| Miscellaneous Household Items | 1,300 | | 1,300 |
| Miscellaneous Furniture | 2,150 | | 2,150 |
| Pepper Tree Laurel Point Timeshare | 8,500[2] | | 8,500 |
| Town Square Timeshare | 13,500 | | 13,500 |
| Promissory Note from Tennessee Temple University | 18,000 | 18,000 | |
| Cash – Volunteer Federal Credit Union CD | 39,305 | | 39,305 |
| Credit Card Debt | <10,000> | | <10,000> |
| | $262,555 | $111,000 | $151,555 |

After awarding Husband half of the value of the marital residence, the trial court decreed that Husband's share would be awarded to Wife as alimony *in solido*. Husband was ordered to pay Wife additional alimony *in solido* of $250,000 spread out over three years. Finally, the trial court awarded Wife $15,000 in attorney's fees.

## II. *Property Division*

Husband argues that the trial court erred in making a property division and an award of alimony *in solido* heavily weighted in favor of Wife.[3] Husband argues that the trial court erred in awarding to Wife the entire value of the marital residence. He also contends that the award of alimony *in solido* was actually an adjustment of the marital property distribution and rendered the division inequitable.

---

[2]The trial court failed to assign a value to this asset; however the parties agree that its value is $8,500.

[3]In arguing that the division of marital property is not equitable, Husband does not raise as an error the trial court's classification of Wife's monthly retirement benefits as her "income" and her *separate* property. Because Husband has not raised this issue on appeal, we will not address the propriety of omitting this asset from the marital estate. *See* Tenn. R. App. P. 13(b) (appellate review generally extends only to those issues presented by the parties on appeal). However, even had the issue been raised, it would not have affected our judgment that the division of marital property is equitable under the facts of this case.

Property may be equitably divided and distributed between the parties once it is properly classified as marital. *See* T.C.A. § 36-4-121(a)(1) (Supp. 2000). "Trial courts have wide latitude in fashioning an equitable division of marital property." ***Brown v. Brown,*** 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994). Such a division is to be effected upon consideration of the statutory factors found in T.C.A. § 36-4-121(c). Marital fault cannot be considered. T.C.A. § 36-4-121(a)(1).

"[A]n equitable property division is not necessarily an equal one. It is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." ***Batson v. Batson,*** 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). It is not necessary that both parties receive a share of each piece of property. ***Thompson v. Thompson,*** 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). Appellate courts are to defer to a trial court's division of marital property unless the trial court's decision is inconsistent with the statutory factors or is unsupported by the preponderance of the evidence. ***Brown,*** 913 S.W.2d at 168.

The trial court awarded 58% of the marital estate to Wife. We find no error in this distribution. This was a marriage of 43 years. Both parties made contributions to the marriage. Husband made substantial financial contributions to the marriage after he received his inheritance; for example, the parties used his inherited funds to purchase several marital assets. The evidence preponderates, however, that for the first 36 years of this marriage, Wife was primarily responsible for the parties' expenses. She paid most of the household expenses, supported Husband through college, and provided for the needs of the parties' two children. Even after Husband received his inheritance, Wife continued to pay for many of the household expenses. Now retired, Wife is in poor health and has few separate assets. While Husband currently has health problems as well, he has substantial separate property. *See* T.C.A. § 36-4-121(c)(6).[4] Given the current state of the parties' respective financial conditions and their contributions during the marriage, the evidence does not preponderate against the trial court's division of the marital estate.

Husband argues that the trial court erred in awarding Wife the entire value of the marital residence. We find no error in the trial court's award. The court assigned each of the parties fifty percent of the value of the marital residence, but awarded Wife Husband's share as alimony *in solido*. An award of alimony may be made out of a spouse's share of the marital property. *See* T.C.A. § 36-5-101(a)(1) (Supp. 2000). Furthermore, as will be discussed in greater detail in the next section of this opinion, we find that the trial court did not abuse its discretion in its award of alimony to Wife. Accordingly, we find Husband's argument to be without merit.

Moreover, we find no merit in Husband's argument that the award of alimony *in solido* was an attempt by the trial court to adjust the marital property division and that the award renders the division inequitable. While we recognize that alimony *in solido* may be used in some cases to adjust the division of the parties' marital property, *see* ***Burlew v. Burlew,*** 40 S.W.3d 465, 471 (Tenn.

---

[4]The statute clearly permits a court, in deciding what is an equitable division of *marital* property, to consider "[t]he value of the *separate* property of each party." T.C.A. § 36-4-121(c)(6) (emphasis added).

2001), that was not the purpose of the award in the instant case. The trial court's award of alimony was based upon the demonstrated need of Wife and was intended to supplement her retirement income. The trial court's division of the marital property was equitable, and the award of alimony does not affect the equitable nature of that division. This issue is also found adverse to Husband.

### III. *Alimony and Attorney's Fees*

Husband challenges the award of alimony *in solido* on two other bases. First, he contends that the award was an improper attempt by the trial court to divide Husband's separate property between the parties. Second, he argues that Wife did not demonstrate the requisite need for such an award.

In determining the propriety, nature, and amount of an alimony award, courts are to consider the statutory factors enumerated in T.C.A. § 36-5-101(d)(1)(A)-(L). "[T]here is no absolute formula for determining the amount of alimony." ***Aaron v. Aaron,*** 909 S.W.2d 408, 410 (Tenn. 1995). The needs of the party requesting alimony, the obligor spouse's ability to pay, and the relative fault of the parties are the three most important factors in determining an appropriate award of alimony. ***Bull v. Bull,*** 729 S.W.2d 673, 675 (Tenn. Ct. App. 1987).

Because the amount of alimony to be awarded is within the trial court's sound discretion, we will not alter such an award unless there is a showing of an abuse of that discretion. ***Lindsey v. Lindsey,*** 976 S.W.2d 175, 180 (Tenn. Ct. App. 1997). This Court has described the abuse of discretion standard as follows:

> The standard conveys two notions. First, it indicates that the trial court has the authority to choose among several legally permissible, sometimes even conflicting, answers. Second, it indicates that the appellate court will not interfere with the trial court's decision simply because it did not choose the alternative the appellate court would have chosen.
>
> Appellate courts have the task of articulating the boundaries of the permissible range of the trial court's options. When the courts refer to an abuse of discretion, they are simply saying that either the discretion reposed in the lower court judge was not exercised in conformity with applicable guidelines or the decision was plainly against the logic and effect of the facts before the court.

***BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.,*** C/A No. 87-136-II, 1988 WL 72409, at *2-*3 (Tenn. Ct. App. M.S., filed July 13, 1988) (footnote, citations, and internal quotation marks omitted).

T.C.A. § 36-5-101(d)(1) reflects a preference for an award of rehabilitative alimony. ***Kinard v. Kinard,*** 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998). An award of rehabilitative alimony, however, is appropriate only where rehabilitation is feasible. *See* T.C.A. § 36-5-101(d)(1). In the instant case, rehabilitative alimony is clearly not appropriate;[5] Wife is retired and in poor health. Thus, the trial court correctly concluded that Wife is entitled to some kind of long-term support. Generally speaking, an award of alimony *in solido* is preferable to an award *in futuro.* ***Houghland v. Houghland,*** 844 S.W.2d 619, 621 (Tenn. Ct. App. 1992).

The trial court did not abuse its discretion in awarding Wife alimony *in solido* of $325,000. As indicated previously, Wife made significant contributions, financial and otherwise, throughout the marriage. She is currently in poor health and has few separate assets. Husband, on the other hand, has substantial separate property as a result of his inheritance. We also find the parties' standard of living relevant to the alimony determination. Although the parties maintained a relatively modest lifestyle for most of the marriage, they enjoyed a higher standard of living during the last seven years of the marriage. Wife has reasonably grown accustomed to this standard of living over a significant period of time, and it is evident that she cannot approximate such a lifestyle on her own income. The trial court determined that Wife has monthly expenses of at *least*[6] $2,700 compared to her income of $1,221 per month. It further determined, given Wife's age, her health, and other pertinent factors, that an award of $325,000 was needed to fund her unfunded needs into the future. The evidence does not preponderate against these determinations. We find that the trial court's award of $325,000 alimony *in solido* is appropriate to meet Wife's needs. Furthermore, the evidence does not preponderate against a finding that Husband has the ability to pay the ordered alimony.

Husband mischaracterizes the trial court's award of alimony as an attempt to divide Husband's inheritance between the parties. Although it is evident that the trial court considered Husband's inheritance in making the award, we do not agree that the trial court was striving to divide his separate property. A court may consider a spouse's separate assets in determining the appropriate amount of an alimony award. *See* T.C.A. § 36-5-101(d)(1)(G). Certainly, the separate property of a spouse may be taken into consideration when determining his or her ability to pay. Accordingly, the trial court's consideration of Husband's separate property in setting alimony was proper.

Finally, Husband argues that the trial court erred in awarding Wife $15,000 in attorney's fees. He contends that the trial court made the award in order to punish Husband. He further argues that because of the marital property division and Wife's retirement income, she has adequate property and income to pay her own fees.

In a divorce action, an award of attorney's fees is considered an award of alimony. ***Ford v. Ford,*** 952 S.W.2d 824, 830 (Tenn. Ct. App. 1996). As such, a trial court is to consider the factors

---

[5]Husband does not argue that Wife can be rehabilitated.

[6]There was proof that her needs were greater than $2,700.

enumerated in T.C.A. § 36-5-101(d)(1)(A)-(L) in awarding attorney's fees. *Storey v. Storey,* 835 S.W.2d 593, 598 (Tenn. Ct. App. 1992). The decision to award attorney's fees lies within the sound discretion of the trial court, and we will not disturb that decision absent an abuse of that discretion. *Barnhill v. Barnhill,* 826 S.W.2d 443, 456 (Tenn.Ct. App. 1991). We do not find that the trial court abused its discretion in awarding Wife $15,000 in attorney's fees. The trial court set the alimony *in solido* award based upon its findings as to Wife's needs. Under the facts of this case, we find no error in the failure of the trial court to consider Wife's alimony as a source of funds to pay her attorney. Furthermore, the quantum of marital property awarded to Wife is not such as to render the court's decision with respect to attorney's fee an abuse of discretion.

## IV. *Discretion of Trial Court*

The trial court made a number of decisions in this case that were discretionary in nature. None of those decisions were outside the bounds of its discretion. *See **BIF***, 1988 WL 72409, at *2-*3.

## V. *Conclusion*

The judgment of the trial court is affirmed. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, George M. Clayton.

_____
CHARLES D. SUSANO, JR., JUDGE